FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 2018 JAN 19 PM 2: 18
EL PASO DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| DAVID BRIAN BINDER, Reg. No. 43020-380, Petitioner, | § § § § | |
| v. | § | EP-17-CV-387-DCG |
| J. SCOTT WILLIS, Warden, Respondent. | § § § § | |

## MEMORANDUM OPINION AND ORDER

David Brian Binder moves the Court to intervene in his behalf and recommend to the Bureau of Prisons ("BOP") that it place him, "at the earliest appropriate time," in a residential reentry center followed by home confinement, pursuant to the Second Chance Act. Mot., ECF No. 1.

Federal courts may construe and re-characterize a *pro se* prisoner's action "according to the essence of the prisoner's claims." *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987). "The relief sought by the prisoner or the label he places upon the action is not the governing factor." *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). A writ of habeas corpus under 28 U.S.C. § 2241 provides a basis for relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (2012). It provides the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

Accordingly, the Court construes Binder's motion as a petition for a writ of habeas corpus 28 U.S.C. § 2241. The Court also grants Binder leave to proceed with his petition in forma

pauperis.

## BACKGROUND

Binder helped self-proclaimed investment broker Roberto Trinidad Del Carpio Frescas keep the proceeds from a Ponzi scheme out of the hands of creditors. He also lied to investors about protecting their investments. Binder pleaded guilty, pursuant to a plea agreement, to one count of wire fraud in cause number EP-14-CR-1237-DCG.

The Court sentenced Binder to 30 months' imprisonment followed by three years' supervised release for his role in the Ponzi scheme, which resulted in an estimated $14 million loss. The Court also ordered Binder to pay $5,000 in fines and $503,027.90 in restitution.

Binder's projected release date is November 12, 2019. Binder now asks the Court to recommend to the BOP that he receive "an assignment, at the earliest appropriate time . . ., to a correctional facility [sic] and then home confinement pursuant to [18 U.S.C.] § 3624(c)(1) and (2). Mot.

## APPLICABLE LAW

A writ of habeas corpus under 28 U.S.C. § 2241 provides the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto." 28 U.S.C. § 2243 (2012).

## ANALYSIS

The Court notes that two statutes govern the BOP's discretion to place an inmate. The first statute, 18 U.S.C. § 3621(b), grants the BOP the authority and discretion to designate the

place of confinement. Under § 3621(b), the BOP:

> may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

18 U.S.C. § 3621(b) (2012). In making this determination, the BOP must consider "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission[.]" *Id.*

The second statute, the Second Chance Act, Pub. L. 110–199, 122 Stat. 692 (Apr. 9, 2008), directs "a shift from policing those on parole to rehabilitating them" and places on the "parole system . . . an increasing special obligation to help federal offenders successfully reenter into society." *United States v. Wessels*, 539 F.3d 913, 915 (8th Cir. 2008) (Bright, J., concurring). The Act authorizes funding for drug treatment, job training and placement, educational services, and other services or support needed to rehabilitate prisoners and reduce recidivism. *Id.*

The Act also addresses residential reentry center placement and home confinement. 18 U.S.C. § 3624(c) (2012). Relevant to the instant petition, the Act modifies 18 U.S.C. § 3624(c) to grant BOP staff the discretion to place a prisoner in a community corrections facility for up to twelve months, instead of limiting that time to six months as permitted by the prior law. *Id.* The Act also directs the BOP to issue new regulations to ensure that placements in community correctional facilities are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest

likelihood of successful reintegration into the community." *Id.* § 3624(c)(6).

The BOP adopted regulations implementing the Second Chance Act, codified at 28 C.F.R. §§ 570.20–.22, effective October 21, 2008. Both the statute and the regulations instruct the BOP to make a determination on the amount of time a prisoner should spend in residential reentry center "on an individual basis." *Id.*; 28 C.F.R. § 570.22.

The Supreme Court has consistently held that a prisoner has no constitutional right to be confined in any particular prison. *See McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.").

The Attorney General, and by delegation the BOP, has exclusive authority and discretion to designate the place of an inmate's confinement. *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971). "[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners." *In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987).[1]

Moreover, a petitioner complaining about a BOP assignment is not entitled to judicial

---

[1] The statutory language in 18 U.S.C. § 4082(b) was re-codified through Pub. L. 94-473, Title 2 II, § 212(a)(2), Oct. 12, 1984, and is currently found at 18 U.S.C. § 3621(b).

-4-

relief for an alleged "violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'" *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir.1999) (citing *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981))); *accord Nativi–Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir.2003); *see also Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003) ("Since discretionary relief is a privilege . . ., denial of such relief cannot violate a substantive interest protected by the Due Process clause."); *cf. Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.1997) ("[A] statute which 'provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process.'") (alteration in original) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11 (1979)).

Thus, the BOP has exclusive authority and discretion to determine if and when to assign an inmate to a residential reentry program or home confinement. Additionally, the Court lacks any information upon which to make a sufficiently informed recommendation to the BOP that would have the weight to influence their discretionary decision.

## CONCLUSIONS AND ORDERS

Accordingly, the Court finds that Binder has no constitutional or statutory right to placement in a residential reentry center or home confinement nor is the Court able to provide that by way of § 2241 relief or by way of an informed recommendation.

The Court, therefore, enters the following orders:

**IT IS ORDERED** that David Brian Binder's motion is **CONSTRUED** as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that David Brian Bender is GRANTED leave to proceed in forma pauperis.

IT IS ALSO ORDERED that David Brian Bender's petition is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all pending motions, if any, are DENIED as moot.

IT IS FINALLY ORDERED that the Clerk shall CLOSE this case.

SO ORDERED.

SIGNED this 18th day of January, 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE